889 F.2d 1100
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald L. JONES, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 89-3202.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1989.
 
 Before MARKEY, Chief Judge, and ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner Donald L. Jones appeals from the decision of the Merit Systems Protection Board (board) dismissing his appeal from removal for lack of jurisdiction. Jones v. Department of Air Force, Docket No. AT315H8810625 (Feb. 3, 1989). We affirm.
 
 OPINION
 
 2
 The petitioner in a board proceeding has the burden of proving jurisdiction by a preponderance of the evidence. 5 C.F.R. Sec. 1201.56(a)(2)(i) (1989). Prior to rendering a decision, the Administrative Judge (AJ) requested that petitioner respond to the suggestion that the board lacked jurisdiction. Petitioner's attorney asserted the board had jurisdiction pursuant to 5 U.S.C. Sec. 4303(f)(3) (1988) and because petitioner was an employee as defined at 5 U.S.C. Sec. 7511(a)(1)(B) (1988), thus entitling him to appeal rights under 5 U.S.C. Sec. 7513(d). The AJ found that petitioner did not have one year of current continuous service in the "same or similar positions" as required by 5 U.S.C. Sec. 4303(f). The AJ also found that he did not meet the definition of "employee" as set forth at 5 U.S.C. Sec. 7511(a)(1)(B). Both findings were supported by evidence that the positions petitioner held were at different competitive levels, and one was supervisory while the other was not. Jones, slip op. at 3. We cannot say these findings were unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); see Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Nor can we say the AJ misconstrued the operative terms of these two statutes and that therefore his decision is not in accordance with law. See id. We therefore affirm the AJ's decision applying those provisions.
 
 
 3
 Petitioner also asserted that the board had jurisdiction pursuant to the Veterans Readjustment Appointment (VRA) Program, 38 U.S.C. Sec. 2014(d) (1988), as implemented at 5 C.F.R. Sec. 307.102(b) (1988). The AJ held petitioner had no right to appeal to the board under the VRA Program because petitioner's appointment had never been converted to a career or career-conditional appointment, as he had not completed two years of service. Jones, slip op. at 4. Petitioner had an excepted appointment from November 8, 1987, until his July 5, 1988, termination. Prior to November 1987, he held a term appointment. "Temporary and term employment for VRA eligibles ... does not count toward the two year service requirement included under the VRA authority for conversion purposes." Office of Personnel Management, Federal Personnel Manual, ch. 307 subch. 1-8(b) (May 3, 1985). We therefore uphold the AJ's decision that petitioner could not invoke the board's jurisdiction as a career or career-conditional employee.
 
 
 4
 Petitioner asserts, for the first time on appeal, that the board has jurisdiction pursuant to 5 U.S.C. Sec. 4303(e) (1988). "[H]aving failed to make the contention before the Board, he is precluded from raising it before us." Saunders v. Merit Systems Protection Board, 757 F.2d 1288, 1290 (Fed.Cir.1985) (Davis, J. & Newman, J., concurring); see Dorszynski v. United States, 418 U.S. 424, 431-32 n. 7 (1974).