59 F.3d 180
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Wallace E. LOEWER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3024.
 United States Court of Appeals, Federal Circuit.
 March 10, 1995.
 
 Before MICHEL, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Wallace E. Loewer (Loewer) appeals from the decision of the Merit Systems Protection Board (Board), Docket No. SF-0351-94-0339-I-1, which became final on September 9, 1994 when the full Board denied review of the initial decision. The Administrative Judge (AJ) dismissed as inexcusably untimely his appeal from two demotions during two Reductions in Force (RIF) effected by the Department of the Army (agency). Because the AJ's refusal to waive the time limit for filing an appeal was not an abuse of discretion, and because the Board lacked jurisdiction over Loewer's appeal of certain prohibited personnel practices, we affirm.
 
 DISCUSSION
 
 2
 On May 15, 1987, Loewer was demoted from a GM-13 Supervisory Civil Engineer to a GS-12 Civil Engineer as a result of a RIF at Vandenberg Air Force Base, California (Vandenberg). On August 20, 1989, Loewer was again demoted, to a GS-11 Civil Engineer, as a result of another RIF. In February 1990, a GM-13 Supervisory Civil Engineer, Harold Kroll, was detailed from Fort Huachuca, Arizona, to Vandenberg. Kroll was non-competitively appointed in a newly-created permanent GM-13 position at Vandenberg on May 26, 1991. On March 15, 1994, almost five years after his last demotion, Loewer appealed his demotions to the Board and challenged Kroll's appointment as a prohibited personnel practice. The AJ dismissed his appeal as inexcusably untimely, but did not address the challenge to Kroll's appointment.
 
 
 3
 Appeals to the Board must be filed within twenty days of the effective date of the action appealed. 5 C.F.R. Sec. 1201.22 (1989). The Board may waive this time limit upon a showing of good cause. 5 C.F.R. Sec. 1201.12 (1989). Before this court, Loewer does not contest the AJ's dismissal of his appeal from the demotions resulting from the RIF as untimely. In fact, he maintains the RIF actions are not relevant to his argument on appeal. Accordingly, we affirm the AJ's dismissal of Loewer's appeal from his demotions as not an abuse of discretion. See Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (whether the time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion).
 
 
 4
 Loewer challenges the non-competitive appointment of Kroll in a GM-13 Supervisory Civil Engineer position as a prohibited personnel practice on the grounds that the agency "creat[ed] a new position at [Vandenberg] and then fill[ed] it with a preselected employee without ever preparing justification for the position and obtaining higher level approval for creation of a new high-grade position." Loewer also asserts that he "would have been entitled to special consideration as repromotion eligible" for the GM-13 Supervisory Civil Engineer position.
 
 
 5
 The Board does not have jurisdiction over his challenge. The Board's jurisdiction is limited to those adverse personnel actions specifically enumerated by Congress or granted to it by way of regulatory authority exercised by the Office of Personnel Management. Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985). Although the Board does have jurisdiction over an appeal by a demoted employee who was, by law, entitled to priority consideration for restoration to his original position after his demotion resulting from a reduction-in-force, 5 C.F.R. Sec. 1201.3(a)(13) (1989), Loewer does not qualify. He was entitled to priority consideration for restoration as a GM-13 Supervisory Civil Engineer for two years following his demotion from that position, but this period expired on May 16, 1989. See 5 C.F.R. Sec. 330.203(c) (1989). Kroll, however, was not placed in the GM-13 Supervisory Civil Engineer position until May 26, 1991. Thus, Kroll's non-competitive appointment occurred after Loewer's priority period ended and, therefore, the Board does not have jurisdiction over Loewer's claim based on an alleged prohibited personnel practice under 5 C.F.R. Sec. 1201.3(a)(13). Moreover, no other statute or regulation has been cited that grants the Board jurisdiction over this claim.
 
 
 6
 Because the AJ did not abuse his discretion in dismissing the appeal of the RIF demotions for untimeliness, and because the Board does not have jurisdiction over Loewer's challenge to Kroll's appointment, we affirm.