57 F.3d 1084
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Debra K. MALLORY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
Janice J. NEIDIG, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Nos. 95-3165, 95-3167.
 United States Court of Appeals, Federal Circuit.
 June 16, 1995.
 
 Before PLAGER, CLEVENGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Debra K. Mallory seeks review of the November 17, 1994 dismissal of her appeal by the Merit Systems Protection Board (Board), Docket No. SL3443940298-I-1, for lack of jurisdiction. Janice J. Neidig seeks review of the November 17, 1994 dismissal of her appeal by the Board, Docket No. SL3443940299-I-1, also for lack of jurisdiction. Because the issues of law raised by these cases are identical, we consolidate them for decision. We affirm.
 
 
 2
 * Mallory and Neidig work for the Internal Revenue Service in Kansas City, Missouri. On February 19, 1993, Mallory and Neidig filed an appeal with the IRS claiming that their positions were improperly classified. On March 18, 1994, the IRS notified Mallory and Neidig that, effective May 2, 1993, their positions would be reclassified from "laborer", WG-3502-2, step 5, to "motor vehicle operator", WG-5703-5, step 1, resulting in salary increases. Mallory and Neidig were also awarded back pay from May 2, 1993, the effective date of the reclassification, through March 18, 1994, the date of notice of reclassification. The IRS declined, however, to give Mallory and Neidig back pay for the time they worked as laborers before the May 2 reclassification. The IRS also told Mallory and Neidig that should either one of them disagree with the reclassification decision, they should appeal to the Office of Personnel Management (OPM). Neither Mallory nor Neidig appealed to OPM.
 
 
 3
 Mallory and Neidig did appeal to the Board, however, on April 7, 1994. Mallory asserted that she should receive back pay and a step increase for the previous fifteen years she had worked as a laborer. Similarly, Neidig asserted that she should receive back pay and a step increase for the previous ten years she had worked as a laborer. Their complaints diverged in other details of their charges. Mallory alleged that she was discriminated against as a wage grade employee. Neidig alleged that she had been discriminated against on the bases of age and gender. The Board, however, informed Mallory and Neidig that it might lack jurisdiction over their appeals of alleged improper placement in salary step and denial of back pay. The Board informed Mallory and Neidig that they had the burden of proving jurisdiction, and ordered them to file evidence and arguments on that issue.
 
 
 4
 Mallory responded that the Board has jurisdiction to hear denials of within-grade salary increases, OPM employment practices, discrimination relating to personnel, and retirement matters. The IRS moved to dismiss because the Board has no jurisdiction either to hear classification matters or to award back pay in classification disputes.
 
 
 5
 Neidig responded that the Board has jurisdiction over her case because she had been doing the work of a higher level wage grade for ten years and the agency ignored her. Upon the IRS' motion to dismiss because the Board has no jurisdiction either to hear classification matters or to award back pay in classification disputes, Neidig responded by disputing certain facts but did not address the jurisdictional issues.
 
 
 6
 The Board consolidated Mallory's and Neidig's cases in one appeal, which it dismissed for lack of jurisdiction. The Board noted that its jurisdiction is limited to those matters delineated by Congress, or granted to it by way of regulatory authority exercised by the OPM. Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985). The Board held that Mallory and Neidig had not pointed to any law, rule, or regulation that would support the Board's jurisdiction. 5 U.S.C. Sec. 7701(a) (1994). The Board cited United States v. Testan, 424 U.S. 392 (1976), in which appellants sought both higher classifications and corresponding back pay from the Civil Service Commission. The Supreme Court held that these issues were not within the Court of Claims' jurisdiction. The Court also concluded that "neither the Classification Act nor the Back Pay Act creates a substantive right in the respondents to back pay for the period of their claimed wrongful classifications." Id. at 407.
 
 
 7
 For the same reasons, the Board here held that no authority gave it jurisdiction to review a denial of back pay after positions had been reclassified. Additionally, the Board found no authority to review Mallory's and Neidig's assertion that they should have been placed at step 5 rather than at step 1.
 
 
 8
 Finally, lacking jurisdiction to hear the claims to back pay and higher step, the Board held that it also lacked jurisdiction to hear the discrimination charges. The Board noted that such charges are not independent sources of its jurisdiction. See, e.g., Metzenbaum v. Department of Justice, 54 MSPR 32, 36-37 (1992); Robins v. Department of Justice, 48 MSPR 644, 650-51 n. 9 (1991); Wren v. Department of Army, 2 MSPR 1, 2 (1980), aff'd sub nom., Wren v. Merit Sys. Protection Bd., 681 F.2d 867, 873 (D.C.Cir.1982).
 
 II
 
 9
 We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 10
 It is well settled that the Board's jurisdiction is narrowly prescribed by statute and regulation. Specifically, the Board may hear only those matters either delineated by Congress or granted by the regulatory authority of OPM.[1] Additionally, the appellants have the burden of showing to the Board that it has jurisdiction. Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985).
 
 
 11
 We have previously held that the Board has not been granted appellate jurisdiction over cases concerning the proper classification of a position, either by statute or regulation. Saunders, 757 F.2d at 1290.
 
 
 12
 Moreover, the Supreme Court, in Testan, 424 U.S. 392, addressed appellants who sought the benefits of positions to which they should have been, but were not, appointed. There, the Court noted that federal agencies continue to have discretion in determining most matters relating to federal employment. Id. at 406. In that respect, "the federal employee is entitled to receive only the salary of the position to which [she is] appointed, even though [she] may have performed the duties of another position or claims [she] should have been placed in a higher grade." 424 U.S. at 406. The Court held that neither the Court of Claims nor the Civil Service Commission had jurisdiction to entertain appeals concerning back pay demands stemming from classification disputes. Id. at 407. In this case, decisions concerning Mallory's and Neidig's classification status, such as step assignment, and back pay remain within the discretion of the IRS, and are not within the Board's jurisdiction to review.
 
 
 13
 Mallory and Neidig each make several other arguments that the Board has jurisdiction over their appeals. Those arguments, however, either remain tied to the classification and back pay disputes, or raise matters over which the Board lacks independent jurisdiction. Because the Board lacks jurisdiction to hear the classification and back pay issues, it also lacks jurisdiction to hear the pendant allegations. For example, Mallory argues that the Board has jurisdiction because the IRS discriminated against her by ignoring the classification status of wage grade employees, who are a minority among IRS employees. But this discrimination charge clearly relates directly to the classification dispute. Moreover, the Board has not been granted jurisdiction to hear Mallory's particular discrimination charge as an independent issue. See 5 U.S.C. Sec. 7702(a)(1) (1994) (requiring that underlying action must be appealable to the Board before discrimination charges may be heard); Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1100-01 (Fed.Cir.1985).
 
 
 14
 As another example, Neidig argues that the Board has jurisdiction because the IRS engaged in prohibited personnel practices when it refused to award her back pay for the period before May 2, 1993, and assigned her to step 1 instead of step 5. Under Saunders, however, absent jurisdiction to hear the denial of back pay and improper step assignment, the Board also lacks jurisdiction to hear any associated prohibited personnel practice claim. Saunders, 757 F.2d at 1290 (statute governing prohibited personnel practices, 5 U.S.C. Sec. 2302(b), is not an independent source of jurisdiction).
 
 
 15
 We have carefully examined the remainder of Mallory's and Neidig's arguments, and have reviewed the record as well. We conclude that for each of these other assertions, the Board acted in accordance with the law. Thus, we affirm the Board's dismissal of Mallory's and Neidig's appeal for lack of jurisdiction.
 
 
 
 [1]
 Actions appealable to the Board are listed in 5 U.S.C. Sec. 7512 (1994) as follows: (1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less