NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3251

MICHAEL J. COLEMAN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Michael J. Coleman, of Charlotte, North Carolina, pro se.

Ray E. Donahue, Attorney, Appellate Division, United States Postal Service, of Washington, DC, for respondent. With him on the brief were Lori J. Dym, Chief Counsel, and Peter D. Keisler, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. Of counsel were David M. Cohen, Director, Kathryn A. Bleecker, Assistant Director, and Gregg M. Schwind, Trial Attorney.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3251

MICHAEL J. COLEMAN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

———————————————

DECIDED: March 14, 2007

———————————————

Before SCHALL and GAJARSA, <u>Circuit Judges</u>, and MCKINNEY, <u>Chief Judge</u>.[*]

PER CURIAM.

The petitioner, Michael J. Coleman, seeks review of a final decision of the Merit Systems Protection Board ("Board") that dismissed, for lack of jurisdiction, his appeal regarding his removal as mail handler at the United States Postal Service ("USPS") and denial of his discrimination claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). <u>Coleman v. U.S. Postal Serv.</u>, No. DC-

---

[*]     Honorable Larry J. McKinney, Chief Judge, United States District Court for the Southern District of Indiana, sitting by designation.

3443-04-0656-I-1 (M.S.P.B. Sep. 10, 2004) ("Initial Decision"); Coleman v. U.S. Postal Serv., No. DC-3443-04-0656-I-1 (M.S.P.B. Mar. 22, 2006) ("Final Order"). We have considered Mr. Coleman's claims and find that the Board lacked jurisdiction over his removal claim, but erred in denying a hearing on his USERRA claim. We therefore affirm the dismissal of the removal claim for lack of jurisdiction. We vacate the Board's judgment on the USERRA claim and remand for further proceedings consistent with this opinion.

BACKGROUND

In 1996, the petitioner, Michael J. Coleman, applied for employment with the USPS. The application for employment asked Mr. Coleman whether he had "been fired from any job for any reason" and whether he had "ever quit a job after being notified that [he] would have been fired." Mr. Coleman answered "no" for both questions and certified that all the statements in the application were "true, complete, and correct."

Mr. Coleman began working at the USPS as a mail handler on May 25, 1996. Several months after Mr. Coleman began work, the USPS discovered that he was fired from his previous job due to "theft of company funds." The USPS concluded that Mr. Coleman had provided false answers on his employment application and removed him from service effective February 17, 1997 – approximately nine months after he started work.

Mr. Coleman grieved the decision under the applicable collective bargaining agreement. The arbitrator who heard Mr. Coleman's case denied his grievance and found that the USPS had just cause to remove him from employment. Approximately seven years later, Mr. Coleman appealed the removal to the Board. Mr. Coleman

argued that the USPS violated USERRA by discriminating against him on the basis of his past military service. In the Initial Decision, the administrative judge ("AJ") dismissed Mr. Coleman's removal claim for lack of jurisdiction. Initial Decision at 3. The AJ denied Mr. Coleman's request for a hearing on his USERRA claim and denied the claim because the "agency would have removed the appellant for valid reasons despite his prior military service." Id. at 5-6. The Initial Decision became final when the Board declined to review it. Final Order at 1-2. Mr. Coleman now appeals to this court. We have jurisdiction of Mr. Coleman's removal appeal pursuant to 28 U.S.C. § 1295(a)(9) and have jurisdiction of Mr. Coleman's USERRA appeal under 38 U.S.C. § 4324(d)(1).

DISCUSSION

On appeal to this court, Mr. Coleman contends that the Board has jurisdiction over his removal and that the Board erred by denying his request for a hearing on his USERRA claim.

I

We find that the Board properly dismissed Mr. Coleman's removal claim for lack of jurisdiction. Whether the Board has jurisdiction to hear a claim is a question of law that this court reviews de novo. Vesser v. Office of Personal Mgmt., 29 F.3d 600, 602 (Fed. Cir. 1994). Mr. Coleman must prove jurisdiction by a preponderance of the evidence. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1338 (Fed. Cir. 2006) (en banc). We have stated that: "The jurisdiction of the Board is limited to those matters specifically delineated by Congress or granted to it by way of regulatory authority

exercised by the OPM." Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985).

Mr. Coleman alleges that the USPS violated his due process rights by relying on an illegible application form as evidence of his false statement. Also, Mr. Coleman argues that the USPS did not have authority from the OPM to terminate him. None of these allegations establish Board jurisdiction over his removal.

USPS employees ordinarily do not fall within the Board's jurisdiction unless they are "preference-eligible veterans in the excepted service" and have "one year of continuous service[.]" Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1375 (Fed. Cir. 2003) (citing 39 U.S.C. § 1005(a)(4)(A) and 5 U.S.C. § 7511(a)(1)(B)). In this case, there is no dispute that Mr. Coleman is a preference eligible veteran, however, Mr. Coleman lacks one year of continuous service with the USPS. Mr. Coleman worked approximately nine months at the USPS. Therefore, the Board correctly determined that Mr. Coleman did not meet the one year of continuous service requirement. Accordingly, the Board lacked jurisdiction over Mr. Coleman's removal claim.

II

We find that the Board erred in denying Mr. Coleman a hearing on his USERRA claim. Our scope of review in an appeal from a Board decision is limited. We must affirm the Board's decision unless we determine that it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

Mr. Coleman argues the Board's judgment is not in accordance with the law because veterans who allege a violation of USERRA are entitled to a hearing under 5 U.S.C. § 7701(a). The USPS argues that a hearing is not required in this case because the AJ gave Mr. Coleman the "benefit of the doubt" on any facts he could have established at a hearing. This court has held that a USERRA claim is an appeal for purposes of § 7701(a) and that the veteran is entitled to a hearing. Kirkendall v. Dep't of Army, --- F.3d ----, 2007 WL 675744 (Fed. Cir. Mar. 7, 2007) (en banc). Therefore, the Board's denial of a hearing was not in accordance with the law. For this reason, we vacate and remand the Board's judgment on the USERRA claim so that Mr. Coleman can be provided a hearing.

## CONCLUSION

For the foregoing reasons, the Board properly dismissed Mr. Coleman's removal claim for lack of jurisdiction. The Board, however, erred by not providing Mr. Coleman a hearing on his USERRA claim. We therefore affirm in part, vacate in part, and remand for proceedings consistent with this opinion.

No costs.