Donald H. SAUNDERS, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 84–1721.

United States Court of Appeals, Federal Circuit.

March 27, 1985.

Richard L. Friedman, Bethesda, Md., argued for petitioner.

Lawrence Shearer, Merit Systems Protection Board, Washington, D.C., argued for respondent. With him on the brief were Evangeline W. Swift, Gen. Counsel and Mary L. Jennings, Washington, D.C., Associate Gen. Counsel for Litigation.

Before RICH, DAVIS, and NEWMAN, Circuit Judges.

RICH, Circuit Judge.

Donald H. Saunders (Saunders) appeals the final order of the Merit Systems Protection Board (board), No. DC34438410280, 22 M.S.P.R. 656, dismissing Saunders' appeal for lack of jurisdiction. We affirm.

*Background*

Saunders has been employed since November, 1979, by the Veterans Administration (VA) as an Outreach Specialist, GS–102–9, helping Vietnam veterans in returning to productive civilian lives. In January, 1982, Saunders and another Outreach Specialist in his office, Harold Vaughan, were recommended for promotion. Vaughan was promoted to GS–11, but Saunders was not.

Saunders requested a review of the decision by the VA, which resulted in his being reclassified as a Social Services Assistant, GS–186–9. Saunders then appealed his reclassification to the Office of Personnel Management (OPM). The OPM then issued a Classification Appeal decision, which again found that Saunders' position should remain at a GS–9 level, but should be classified in the GS–102 series.

January 28, 1984, Saunders filed a petition for appeal with the board. March 5, 1984, the presiding official dismissed Saunders' appeal for lack of jurisdiction, finding that the board had no jurisdiction over actions or decisions involving the proper classification of positions. April 9, 1984, Saunders petitioned the board for review of the presiding official's decision. July 5, 1984, the board denied Saunders' petition. Saunders then appealed the board's dismissal of his petition to this court.

## OPINION

The jurisdiction of the board is limited to those matters specifically delineated by Congress or granted to it by way of regulatory authority exercised by the OPM. *Madsen v. Veterans Administration*, 754 F.2d 343, 344 (Fed.Cir.1985); *Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir.1983). The board has not been granted appellate jurisdiction over cases concerning the proper classification of a position, either by statute or regulation. Accordingly, the board correctly dismissed Saunders' petition.

Saunders also argues that the VA and the OPM committed prohibited personnel practices under 5 U.S.C. § 2302 by failing to make a position-to-position comparison to establish his correct pay grades, and that this confers appellate jurisdiction on the board in his classification appeal. The board does not have appellate jurisdiction to consider such allegations of prohibited personnel practices. Section 2302(b) is not an independent source of appellate jurisdiction and does not itself authorize an appeal. *Wren v. Department of the Army*, 2 MSPB 174, 175, 2 M.S.P.R. —— (1980).

## Conclusion

The appellate jurisdiction of the board is limited to those matters specifically conferred upon it by statute or regulation. There is no statute or regulation which confers appellate jurisdiction over classification appeals on the board. The decision of the board, dismissing Saunders' petition for review of his classification appeal, is therefore *affirmed*.

AFFIRMED.

DAVIS, Circuit Judge, with whom PAULINE NEWMAN, Circuit Judge, joins, concurring.

I join the court's opinion but add the following in response to one particular argument petitioner has made to us. That contention is that the Merit Systems Protection Board had jurisdiction over this case because petitioner sought review of allegedly conflicting rules and regulations of the Office of Personnel Management—citing 5 U.S.C. § 1205(a)(4) and (e)(1)(B) as giving the Board that special class of jurisdiction. A major obstacle to accepting that basis for MSPB jurisdiction in this case is that, in my view, petitioner never made it clear, in any understandable way, to the Board that he was invoking that type of jurisdiction. Board review of that special type calls for particular procedures, *see* 5 C.F.R. § 1203.1 *et seq.*, which differ substantially from the procedures to be followed in the normal appeal case. In seeking review by the Board, petitioner did not follow those separate procedures or indicate that he was seeking that kind of review. Instead, he appeared to invoke—specifically citing 5 C.F.R. § 1201.24 (relating to normal petitions for appeal)—the normal appellate jurisdiction of the MSPB. When asked by the presiding official to respond to the suggestion that the Board lacked jurisdiction, petitioner did not suggest or spell out the special appellate jurisdiction he now says he was invoking. After the presiding official's initial decision saying that the Board had no jurisdiction, petitioner's petition for review to the full Board did not alert the Board to the new jurisdictional position he is now taking in this court. The result is that, having failed to make the contention before the Board, he is precluded from raising it before us. *James v. Federal Energy Regulatory Commission*, 755 F.2d 154, 155 order of February 8, 1985.