26 F.3d 139
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John TEALE, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent,
and
MERIT SYSTEMS PROTECTION BOARD, Intervenor.
 No. 94-3072.
 United States Court of Appeals, Federal Circuit.
 May 9, 1994.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Mr. Teale, formerly employed as an engineering technician with the Department of the Navy, appeals the decision of the Merit Systems Protection Board (MSPB) in Docket No. SE-0752-93-0328-I-1, that dismissed, for lack of jurisdiction, his claim of involuntary retirement and his appeal of a Navy decision denying his grievance.
 
 
 2
 After the appeal was docketed, the Merit Systems Protection Board intervened in the case and moved to reform the caption to designate it as the respondent. The motion was opposed by the Navy, and by order of the court, the question was referred to this panel for decision. We deny the motion to reform the caption and affirm the MSPB's decision on the merits of Mr. Teale's appeal.
 
 DISCUSSION
 
 3
 * Background
 
 
 4
 On May 25, 1993, the Navy proposed to remove Mr. Teale, based on his medical inability to perform his duties. On May 29, he filed a grievance with the agency alleging discrimination and unlawful harassment. He retired effective June 1, 1993, and in his application, stated that he was retiring "for medical reasons brought on by (a) on the job injury (right knee) and (b) mental harassment by supervisor Todd Chapman."
 
 
 5
 On June 24, 1993, the Navy denied Mr. Teale's grievance and he appealed the denial of the grievance to the MSPB and also sought to have his retirement set aside as involuntary. In support of his claim of involuntary retirement, Mr. Teale provided the administrative judge with three summaries of his diary entries describing the alleged harassment. The entries covered a three-month period preceding his retirement and recorded conflicts with Mr. Chapman on 14 days. The diaries also reflected that Mr. Teale's supervisor had reassigned Teale from his normal inspection duties as an engineering technician to work exclusively on filing for the eleven calendar days preceding his retirement.
 
 
 6
 When he received the diaries, the administrative judge had two telephone conferences with the parties in which he emphasized the need for Mr. Teale to clearly identify the facts which he would prove in support of his claim for involuntariness. In response, Mr. Teale indicated that the facts which he would prove were set forth in the three diaries.
 
 
 7
 After considering the statements in Mr. Teale's diaries, which the administrative judge accepted as correct, he noted that the alleged harassment consisted of not more than one incident per week during a period of three months. The administrative judge held that the existence of an unpleasant and stressful relationship with a supervisor does not necessarily equate to intolerable working conditions and that the conflicts described by Mr. Teale were not sufficiently egregious to render his retirement involuntarily. The administrative judge also found that the assignment of Mr. Teale to the duties of a file clerk for a period of only 11 days before his retirement did not support a finding that this situation forced Mr. Teale to resign.
 
 
 8
 Therefore, the administrative judge determined that Mr. Teale had failed to allege facts, which if proven, would show that his retirement was involuntary. Accordingly, the administrative judge dismissed the appeal as not within the Board's jurisdiction. Because Mr. Teale did not appeal this decision to the Board, it became final on October 26, 1993.
 
 II
 The Caption Issue
 
 9
 The governing statute on this issue is a part of the Whistle Blower Protection Act of 1989, Pub.L. No. 101-12, 103 Stat. 16 (1989). It has been codified as 5 U.S.C. Sec. 7703(a)(2) (Supp. IV 1992), and provides:
 
 
 10
 The Board shall be named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision on the merits on the underlying personnel action or on a request for attorney fees, in which case the agency responsible for taking the personnel action shall be the respondent.
 
 
 11
 (Emphasis added).
 
 
 12
 The MSPB and the Navy both rely on this court's recent decision in Spruill v. Merit Sys. Protection Bd., 978 F.2d 679 (Fed.Cir.1992), in which Judge Plager, speaking for this court, discussed the confusion that has often arisen because of the failure to distinguish between a lack of jurisdiction and the failure to state a claim upon which relief can be granted.
 
 
 13
 We agree that Spruill is the pertinent precedent and think that the following quotation from that case is dispositive of the caption issue:
 
 
 14
 However, when determining the agency primarily affected by a decision for purposes of identifying the proper party respondent, correct legal characterization of the result is essential. For such purposes, when we refer to cases involving the "jurisdiction" of the MSPB, we do not include cases the merits of which turn on the existence of a state of facts when those facts happen also to be the factual predicate for jurisdiction. When a nonfrivolous claim for relief has been asserted before the Board, and the outcome is determined by whether the facts support that claim, a decision by the Board that they do not is a failure to prove the claim, not a lack of jurisdiction in the Board. The respondent in such a case is the employing agency, not the MSPB.
 
 
 15
 978 F.2d at 689. In support of its decision in Spruill, the court relied on the Supreme Court's decision in Bell v. Hood, 327 U.S. 678 (1946), from which we quote the following:
 
 
 16
 Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.
 
 
 17
 327 U.S. at 682. It is clear that the administrative judge dismissed Mr. Teale's appeal on the ground that the facts submitted by him, if accepted as true, failed to state a claim upon which relief could be granted. Therefore, the motion to reform the caption is denied.
 
 III
 The Appeal of John Teale
 
 18
 The decision of the administrative judge must be affirmed by this court unless it is established that the decision is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 19
 The facts are undisputed and therefore the burden is upon Mr. Teale to establish that the administrative judge's decision was arbitrary and capricious or that it is incorrect as a matter of law. After a careful review of the record we conclude that he has failed to discharge the burden which the law imposes upon him.
 
 
 20
 In order to establish that the decision was arbitrary and capricious, Mr. Teale must show that the administrative judge's decision was not based upon a consideration of the relevant facts and that he made a clear error of judgment. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). It is apparent from the decision of the administrative judge that he not only considered the relevant facts, but that he accepted the statements made by Mr. Teale as true and correct for the purposes of deciding whether MSPB had jurisdiction of his appeal. Moreover, the administrative judge's conclusion that the conflicts recorded in Mr. Teale's diary were not sufficiently egregious to render the subsequent retirement involuntary is not contrary to law. See Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir.1985), cert. denied, 475 U.S. 1082 (1986). In concluding that Mr. Teale's retirement was not coerced, the MSPB judge correctly applied the correct legal standard; the measure of such coercion is whether the working conditions would force a reasonable person to retire. Bourque v. Powell Elec. Mfg. Co., 617 F.2d 61, 65 (5th Cir.1980).
 
 
 21
 It is also well established that the fact that an employee is faced with a prospect of termination does not make his decision to retire any less voluntary. Covington v. Department of Health & Human Serv., 750 F.2d 937, 941 (Fed.Cir.1984).
 
 
 22
 As the administrative judge noted, Mr. Teale made no attempt to show that there was not a reasonable basis for his proposed removal on account of his medical inability to perform his duties. Mr. Teale stated that one of the reasons for his retirement was an on-the-job injury to his right knee. In the diaries submitted to the administrative judge, Mr. Teale reported two recent heart surgeries, a knee injury, and migraine attacks.
 
 
 23
 The administrative judge correctly held that the MSPB had no jurisdiction to consider Mr. Teale's allegation that the proposed termination was influenced by discrimination the basis of age. The MSPB has jurisdiction of such allegations only in those cases where the action is otherwise appealable. Because the administrative judge determined that the retirement was not appealable, there was no jurisdiction to entertain the allegation of discrimination. See Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985).
 
 
 24
 Lastly, we concur in the administrative judge's ruling that the MSPB had no jurisdiction to review the Navy's denial of Mr. Teale's grievance. The grievance was initiated under the negotiated grievance procedure, and under 5 U.S.C. Sec. 7121(d) (1988), MSPB has jurisdiction to review a grievance decision only if it is final and is alleged in connection with an appealable action. There is no evidence that after the Navy denied his grievance, Mr. Teale took any action to exhaust his administrative remedies under the negotiated grievance procedure, and therefore there is no evidence that there was a final decision on the grievance under the procedure. Accordingly, the administrative judge correctly held that the MSPB had no jurisdiction of his appeal on that issue. See Gillman v. Department of the Air Force, 7 MSPB 192 (1982).