92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael J. BARRY, Petitioner,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 95-3564.
 United States Court of Appeals, Federal Circuit.
 July 17, 1996.
 
 ARCHER, Chief Judge.
 
 
 1
 Michael J. Barry (Barry) petitions for review of the final decision of the United States Merit Systems Protection Board (MSPB or board), No. NY-0752-94-0489-I-2, dismissing his appeal alleging involuntary retirement for lack of jurisdiction. We reverse and remand.
 
 BACKGROUND
 
 2
 With thirty-seven years of federal service, including twenty-one years with the Department of Housing and Urban Development (HUD), Barry was employed for approximately ten years by the New York Regional Office of HUD as the Director of Administration (DOA), a GS-15 position. In 1994, pursuant to a national HUD reorganization reducing its workforce by 1500 persons and restructuring its regional offices, Barry was issued a directed reassignment to the Fort Worth Regional Office in Fort Worth, Texas. Barry objected to the reassignment. Nevertheless, HUD apparently treated the reassignment as if Barry had to accept it and gave indications that it was proceeding on that basis. Accordingly, Barry notified HUD in writing that he was declining the reassignment.
 
 
 3
 When HUD received the letter declining the reassignment, one of Barry's supervisors at HUD contacted him by telephone and informed him that he would be removed if he failed to accept the reassignment. The supervisor explained that a proposed removal had been prepared and threatened to issue the notice. During the telephone conversation, Barry indicated he would "reconsider" his decision declining the reassignment. Thereafter, Barry received advice that if he was removed for refusing the reassignment he would be eligible to retire and receive an alternate form of annuity (AFA) consisting of a lump-sum payment and a reduced annuity.[1] Barry then asked HUD to proceed with the notice of removal.
 
 
 4
 Inexplicably, HUD never issued the notice of removal. Instead, HUD continued to treat Barry as if he had accepted the reassignment. HUD subsequently notified Barry of the effective date of the reassignment and of the reporting date to the Fort Worth Regional Office. The notification further explained that, if Barry failed to report to duty on the reporting date, he would be considered AWOL and would not be paid and that he would be subject to disciplinary action, including removal for cause. Further, the day before the reporting date, HUD also notified Barry that, if he reported to the New York Regional Office for work, he would be removed from the building by federal officers. On the date that he was due to report to the Fort Worth Regional Office, Barry filed a request for optional retirement, and HUD processed the retirement.
 
 
 5
 Barry appealed to the MSPB, alleging that his retirement was involuntary. The Administrative Judge (AJ) ruled that Barry's retirement had been voluntary and, therefore, that the MSPB had no jurisdiction to hear his appeal. The AJ rejected the allegations of coercion and misrepresentation, noting that, although HUD continued to advance the reassignment after Barry's letter declining reassignment, these actions did not force Barry's retirement. The AJ concluded that Barry was merely faced with a difficult option and that he chose retirement. The full board denied Barry's petition for review, and the AJ's decision therefore became final.
 
 DISCUSSION
 
 6
 This court has jurisdiction over appeals from the MSPB under 28 U.S.C. § 1295(a)(9) (1994). Our standard of review requires that we affirm a decision of the MSPB unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). An issue of jurisdiction, however, is a matter of law that we review de novo. Muniz v. United States, 972 F.2d 1304, 1309 (Fed.Cir.1992). The burden of establishing MSPB jurisdiction lies with the petitioner. Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985). The jurisdiction of the MSPB is limited to those areas specifically delineated by statute, rule, or regulation. Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985).
 
 
 7
 "It is undisputed that the Board lacks jurisdiction to hear and determine an appeal from an employee who has voluntarily resigned." Cruz v. Department of the Navy, 934 F.2d 1240, 1244 (Fed.Cir.1991) (in banc). "The courts, however, have recognized a corollary proposition, i.e., that the Board does have jurisdiction to hear and determine an appeal by an employee whose resignation was not voluntary, an involuntary resignation being deemed a 'constructive removal.' " Id. In concluding that a voluntary retirement should be treated as a constructive removal, the petitioner has a heavy burden because resignations are presumed voluntary. Schultz v. United States Navy, 810 F.2d 1133, 1135 (Fed.Cir.1987) (citing Christie v. United States, 518 F.2d 584, 587 (Ct.Cl.1975)). Moreover, "[t]he fact that an employee is faced with an inherently unpleasant situation or that his choice is limited to two unpleasant alternatives does not make an employee's decision any less voluntary." Covington v. Department of Health & Human Servs., 750 F.2d 937, 942 (Fed.Cir.1984). Nevertheless, if the petitioner can demonstrate that the retirement was obtained by coercion, duress, or misrepresentation, we have held that jurisdiction lies for the appeal to the board. Scharf v. Department of the Air Force, 710 F.2d 1572, 1574-75 (Fed.Cir.1983).
 
 
 8
 Barry contends that the actions of the agency in proceeding with the reassignment action in the face of his written refusal to accept the reassignment created a situation that left him with no recourse but retirement. The record is clear that Barry submitted a letter to HUD stating, "I must decline the directed reassignment to Fort Worth," and that Barry never revoked this declination. Even when HUD threatened his removal for failure to accept the reassignment, Barry instructed HUD to proceed with the removal action. Nevertheless, the agency did not follow this course but instead proceeded as if Barry was required to accept the reassignment. Thus, when Barry indicated that he would not relocate to Texas, the agency threatened to place him on AWOL status and advised him that it would institute removal proceedings for cause. Moreover, Barry was barred from returning to work at his New York office under threat of being forcibly removed by federal officers. Barry argues that these conditions created a situation where he had no option but to resign. We agree.
 
 
 9
 The government correctly argues that an agency maintains complete authority to reassign employees, but it also correctly conceded at oral argument that an employee has the option to reject such a reassignment. Under these circumstances, if an employee rejects a directed reassignment, one of the agency's options is to remove the employee. In the instant case, Barry rejected the reassignment and, when threatened with removal, he requested that the agency issue a notice of removal because he was told that this would entitle him to receive AFA retirement benefits. But, instead of proceeding with a removal action, the agency created a situation where Barry only had the option of retirement. See Fruhauf Southwest Garment Co. v. United States, 111 F.Supp. 945, 951 (Ct.Cl.1953) (finding that coercion includes, inter alia, circumstances that afford an employee but a single alternative).
 
 
 10
 The board concluded that Barry had voluntarily retired because he was presented with two options, contesting the reassignment or retirement, and simply chose the latter. Barry contends, however, that he never had an opportunity to contest the reassignment. Indeed, after the agency failed to issue the notice of removal, Barry had no status to test the reassignment in an appeal to the board. Instead of taking the appropriate action, the agency threatened to place Barry on AWOL status at the Fort Worth Regional Office and institute removal proceedings for cause. Because Barry had rejected the reassignment, this threat was not sustainable and was therefore coercive. See Schultz, 810 F.2d at 1136 ("If an employee can show that the agency knew that the reason for the threatened removal could not be substantiated, the threatened action by the agency is purely coercive.") The record establishes that Barry took retirement because it was the only real option available to him after the agency refused to accept his rejection of the reassignment. We agree that retirement under these circumstances cannot be voluntary.
 
 CONCLUSION
 
 11
 Accordingly, the decision of the MSPB is reversed and, because we hold that it has jurisdiction over Barry's appeal, the case is remanded to the board for further proceedings.
 
 
 
 [1]
 An eligible employee who timely elects AFA retirement receives a lump-sum credit plus a retirement annuity. 5 U.S.C. § 8339 (1994); 5 U.S.C. § 8343a (1994); 5 C.F.R. § 831.2204(a) (1994). To be eligible for AFA benefits, the employee must be involuntarily separated for reasons other than "for cause on charges of misconduct or delinquency." Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101-239, § 4005(c)(1), 103 Stat. 2106, 2135-36 (1989) (Partial Deferred Payment of Lump-Sum Credit for Certain Individuals Electing Alternative Forms of Annuities) (as set forth in note to 5 U.S.C. § 8343a); 5 C.F.R. § 831.2203(h)(1)(i)(B) (1994)