**Jim AZAR, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3228.

United States Court of Appeals, Federal Circuit.

Oct. 9, 2001.

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

NEWMAN, Circuit Judge.

Jim Azar seeks review of the final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. *Azar v. Dept. of Veterans Affairs*, No. CH315H010054–I–1, 2001 WL 219609 (Merit Sys. Prot. Bd. Feb. 21, 2001). We *affirm*.

## BACKGROUND

Mr. Azar was serving the third month of a one-year probationary period as a Medical Technologist for the Department of Veterans Affairs when he was discharged. The Chief of the Pathology and Lab Medicine Service had asked for his removal for failure to meet minimum performance standards. Mr. Azar appealed to the MSPB, at first stating only that he had been dismissed because of his supervisor's incompetence and because he had not been properly trained. In response to an order by the administrative judge stating that Mr. Azar must allege proper grounds for jurisdiction, Mr. Azar alleged that he had been forced to resign because his supervisor had a preference for workers who were natives of the Philippines, and that this constituted a partisan political reason within the Board's jurisdiction.

The administrative judge held that the Board lacked jurisdiction to hear the appeal. The judge found that Mr. Azar had failed to make a nonfrivolous allegation that could establish jurisdiction. The full Board denied Mr. Azar's petition for review, and the initial decision became final.

## DISCUSSION

The Board's decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Azar argues that the Board erred by failing to consider his claim that his firing had been a reprisal for whistleblowing in violation of the Whistleblower Protection Act of 1989 (codified as amended in various sections of Title 5). Yet, Mr. Azar never presented any argument re-

garding whistleblowing until his petition for review by the full Board. Thus, Mr. Azar failed to preserve his right for review in this court. *See Bosley v. Merit Systems Protection Board,* 162 F.3d 665, 668 (Fed. Cir.1998) ("[I]f the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue.")

■ In addition, Mr. Azar argues that the Board erred by not allowing a hearing of his claims. A hearing is warranted if a petitioner raises non-frivolous allegations sufficient, if proven, to support the claim. *See Herman v. Dept. of Justice,* 193 F.3d 1375, 1382 (Fed.Cir.1999). However, the administrative judge correctly found that the appellant alleged no facts that, if proven, would have established jurisdiction. Jurisdiction for appeal of removal during the probationary period is appropriate only if the appellant raises a non-frivolous allegation that his termination was due to discrimination for partisan political reasons or marital status, or for conditions that arose before the appointment. 5 C.F.R. §§ 1201.3(a)(8), 315.806(b). Non-frivolous allegations are those that, if proven, *prima facie* establish the necessary factual premises. Mr. Azar alleged that he was terminated because he was not a native of the Philippines. The Board correctly found that this allegation, even if true, did not constitute a partisan political reason. The Board stated that Mr. Azar's allegation was more like that of a prohibited personnel practice for discrimination based on national origin pursuant to 5 U.S.C. § 2302(b). Such an allegation, standing alone, does not provide independent grounds for jurisdiction of the Board. *See Saunders v. Merit Systems Protection Board,* 757 F.2d 1288, 1290 (Fed.Cir.1985).

We conclude that the Board correctly held that it did not have jurisdiction over the appeal.

No costs.