NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3020

HAROLD JOHNSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

Harold Johnson, of Jonesboro, Georgia, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor.  With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3020

HAROLD JOHNSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

Petition for review of the Merit Systems Protection Board in AT0752060903-I-1.

_____

DECIDED: July 10, 2008
_____

Before RADER, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

The Merit Systems Protection Board dismissed for lack of jurisdiction Mr. Harold Johnson's adverse action claim alleging involuntary retirement. Because the Board properly dismissed Mr. Johnson's claim, this court <u>affirms</u>.

I

Mr. Johnson retired from his full time position as a Postal Service Level 5 Letter Carrier for the Fayetteville Post Office in Fayetteville, North Carolina, on October 30, 1997, at age 56. Mr. Johnson worked for the Postal Service for 16 years and 9 months. In order to qualify for an immediate Civil Service Retirement System (CSRS) annuity, Mr. Johnson waived his military retired pay to obtain credit for his 20 years of military service towards his retirement. Mr. Johnson's divorce settlement gave a portion of Mr. Johnson's military benefits to his former wife. By operation of statute, Mr. Johnson's former wife continued to receive a portion of Mr. Johnson's CSRS annuity.

Mr. Johnson did not make a deposit for his 20 years of active military service. As a result, Mr. Johnson's retirement benefits were recalculated when he reached 62 and became eligible for Social Security benefits under 5 U.S.C. § 8332(j)(i). Because the reduced annuity payment no longer considered his 20 years of active military service, Mr. Johnson requested that the Office of Personnel Management (OPM) discontinue the apportionment to his former wife. Mr. Johnson argued that his benefits were no longer based on his military service and that his former wife was no longer entitled to a portion of his retired pay. Without any discretion to halt the apportionment to Mr. Johnson's former wife, the OPM did not stop those payments.

The MSPB affirmed the OPM's decision and determined that this case is governed by 5 U.S.C. § 8332(c)(4). Under § 8332(c)(4), if an employee waives military retired pay in favor of a CSRS annuity, that waiver automatically authorizes OPM to deduct and withhold the amount that would have been paid to the former spouse under the court order. In other words, by waiving his military retired pay to combine his

2008-3020                                                2

military and civilian service in order to qualify for a CSRS annuity, Mr. Johnson gave his consent as a matter of law that the amount of his military pay apportioned to his former wife would continue to be deducted from his annuity.

The Board forwarded Mr. Johnson's case to the Atlanta Regional Office for docketing as a separate adverse action. The Board recognized Mr. Johnson's argument that he did not receive adequate information at the time of his retirement concerning the effects of waiving his military retired pay as an allegation of involuntary retirement.

Before the Atlanta Regional Office, Mr. Johnson argued that his resignation was involuntary due to (1) improper explanations from his agency about the implications of his waiver of retired military pay; and (2) coercion by his supervisor. The administrative judge did not find these arguments persuasive. On February 8, 2007, the Board dismissed Mr. Johnson's involuntary retirement claim for lack of jurisdiction. The Board denied Mr. Johnson's petition for review.

Mr. Johnson timely appealed to this Court. On appeal, Mr. Johnson requests reconsideration of his involuntary retirement claim.

II

This court possesses limited authority to review a Board decision. The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307,

1311 (Fed. Cir. 2003). This court reviews without deference cases involving the Board's jurisdiction. Middleton v. Dept. of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999).

Several statutes, rules and regulations set the Board's jurisdiction. Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985). This court has recognized that the Board has no jurisdiction over voluntarily resignations. Cruz v. Dept. of Navy, 934 F.2d 1240, 1248 (Fed. Cir. 1991). Because employee resignations and retirements are presumed to be voluntary, this presumption may only be rebutted by a showing of sufficient evidence to establish that the retirement or resignation was involuntary. Middleton v. Dept. of Defense, 185 F.3d at 1379. Thus, the former employee bears the heavy burden of pleading and proving that his retirement was involuntary, and thus, within the jurisdiction of the Board. Id. This can be shown with evidence that the retirement was the product of: (1) misinformation or deception by the agency, or (2) coercion by the agency. Staats v. United States Postal Service, 99 F.3d 1120, 1124 (Fed. Cir. 1996).

On appeal, Mr. Johnson argues that the administrative judge miscalculated the time that Mr. Johnson needed to work to earn a CSRS annuity without taking into account his military service. The administrative judge had figured that time would have been 13 additional years of work. In fact, Mr. Johnson only needed to work an additional four years. This miscalculation was harmless, however. An after-the-fact calculation of years required to earn a particular retirement benefit is not relevant to the voluntariness of Mr. Johnson's retirement.

Mr. Johnson also argues that his retirement was involuntary because the agency did not provide him with the relevant information regarding his retirement options. In his

deposition, Mr. Johnson testified that he received letters from the Postal Service explaining his retirement options. He attended a Postal Service retirement seminar that outlined the effects of a waiver of retired military pay. Moreover, Mr. Johnson's retirement application included instructions regarding eligibility and waiver of retired military pay. Mr. Johnson signed this application.

For these reasons, this court cannot conclude Mr. Johnson's retirement was involuntary due to misrepresentation or lack of information by the Postal Service. Because Mr. Johnson has not rebutted the presumption that his retirement was voluntary, this case falls outside the MSPB's jurisdiction.

For these reasons, this court affirms the Board's dismissal for lack of jurisdiction.

AFFIRMED

COSTS

Each party shall bear its own costs.