NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3021

DENNIS HUBBARD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

and

DEPARTMENT OF THE INTERIOR,

Intervenor.

Dennis Hubbard of Chadron, Nebraska, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Jeffrey A. Gauger, Attorney.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC,  for intervenor.  With her on the brief were Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3021

DENNIS HUBBARD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE INTERIOR,

Intervenor.

Petition for review of the Merit Systems Protection Board
in DE075208027-I-1.

_____

DECIDED:  April 6, 2009

_____

Before BRYSON, CLEVENGER, and LINN, Circuit Judges.

PER CURIAM.

DECISION

Dennis Hubbard petitions for review of the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction.  We affirm.

BACKGROUND

Mr. Hubbard was employed for almost 30 years as a teacher at Pine Ridge High School, which is located on the Pine Ridge Indian Reservation in South Dakota. In that capacity, he worked for the Bureau of Indian Education, an agency within the Department of the Interior. He was removed from his position on May 20, 2007, based on his conviction for off-duty criminal conduct.

Mr. Hubbard appealed the removal decision to the Merit Systems Protection Board, claiming that he had been denied the protections of 25 U.S.C. § 2012(e) and had been discriminated against on the basis of his age. The Bureau of Indian Education filed a motion to dismiss the appeal for lack of subject matter jurisdiction under 25 U.S.C. § 2012(a), which provides that individuals appointed to an "education position" within the Bureau after November 1, 1979, shall be excepted from the civil service rules governing the removal of federal employees. See 25 U.S.C. § 2012(a), (o), (p). The administrative judge who was assigned to the appeal issued an order directing the parties to submit evidence pertaining to Mr. Hubbard's tenure in his position. Mr. Hubbard produced his most recent Notification of Personnel Action, Standard Form 50-B ("SF-50"), which indicated a service computation date of August 26, 1978. The Bureau responded by providing the administrative judge with all of Mr. Hubbard's SF-50s, dating back to when he was first hired in March 1978. Those materials showed that Mr. Hubbard served under a series of temporary appointments for the first two years of his teaching career, before being terminated on May 30, 1980, due to "lack of work." Three months later, the Bureau rehired Mr. Hubbard as a contract "educator" pursuant to 25 U.S.C. § 2012(p). The administrative judge dismissed the appeal based

on the evidence in the record, and the full Board denied review. Mr. Hubbard now petitions for review by this court.

DISCUSSION

Mr. Hubbard does not challenge the Board's conclusion that the position from which he was removed was an "education position" within the meaning of 25 U.S.C. § 2012(p) and that his appointment to that position did not occur until after November 1, 1979. Thus, there is no dispute that Mr. Hubbard falls within the class of individuals that Congress has excluded from the coverage of those provisions of the Civil Service Reform Act of 1978 that relate to the appointment, promotion, and removal of civil service employees. Volk v. Hobson, 866 F.2d 1398, 1401 (Fed. Cir. 1989). Absent an independent source of jurisdiction over the underlying agency action, the Board is not permitted to entertain an appeal of the removal action or of any related statutory or constitutional claims. See Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985). Mr. Hubbard's arguments go to the merits of the removal decision, but because the Board lacked jurisdiction over his appeal, it was without authority to address those arguments. And because the Board lacked jurisdiction to address the merits of his claims, we likewise are barred from addressing those claims. Accordingly, we affirm the Board's dismissal of Mr. Hubbard's appeal for lack of jurisdiction.