NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3016

TRACLAIRE HOLLEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Traclaire Holley, of Miami, Florida, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Joyce G. Friedman, Reviewing Attorney.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3016

TRACLAIRE HOLLEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board
in AT0752090463-I-1.

_____

DECIDED: March 8, 2010

_____

Before BRYSON, ARCHER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Appellant Traclaire Holley challenges the decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. We <u>affirm</u>.

## BACKGROUND

The United States Postal Service removed Ms. Holley from her position as a Mail Processing Clerk, PS-6, effective July 5, 2008, for unsatisfactory attendance due to absence without leave. Ms. Holley appealed the removal action to the Merit Systems

Protection Board, alleging that her removal was the result of discrimination based on her medical condition and retaliation for her prior equal employment opportunity activity.

The administrative judge who was assigned to the case issued an order advising Ms. Holley of the Board's limited jurisdiction to hear appeals from Postal Service employees and ordering her to file argument and evidence to establish the Board's jurisdiction over her appeal. Shortly thereafter, the agency filed a motion to dismiss for lack of jurisdiction. In her response to that motion, Ms. Holley merely repeated her assertions of discrimination and retaliation; she did not address the jurisdictional issue, nor did she submit any jurisdiction-related evidence.

Based on the evidentiary record, the administrative judge issued an initial decision dismissing Ms. Holley's appeal without a hearing. The administrative judge held that the Board lacked jurisdiction over Ms. Holley's appeal because she failed to establish that she qualified as a "preference eligible" veteran, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, which might entitle her to appeal under 5 U.S.C. § 7511(a)(1)(B) or 39 U.S.C. § 1005(a)(4)(A). The administrative judge further held that, absent an otherwise appealable action, Ms. Holley's discrimination claim was insufficient to bring the appeal within the Board's jurisdiction. When the full Board denied Ms. Holley's petition for review, the administrative judge's decision became the final decision of the Board.

## DISCUSSION

The Board's jurisdiction over adverse agency actions is limited to those matters for which a right to appeal is granted by law, rule, or regulation. See 5 U.S.C.

§ 7701(a); <u>Saunders v. Merit Sys. Prot. Bd.</u>, 757 F.2d 1288, 1290 (Fed. Cir. 1985). The Board generally lacks jurisdiction over appeals by Postal Service employees from adverse actions. As exceptions to that general rule, the Board may hear appeals by a Postal Service employee who has completed one year of current continuous service in the same or similar position and who is: (1) a preference eligible veteran as defined in 5 U.S.C. § 2108; or (2) a supervisor, a management employee, or an employee "engaged in personnel work in other than a purely nonconfidential clerical capacity." <u>See</u> 5 U.S.C. § 7511(a)(1)(B); 39 U.S.C. § 1005(A)(4)(A). Because Ms. Holley has failed to demonstrate that she falls within either of those two exceptions, the Board properly dismissed her appeal for lack of jurisdiction.

The definition of a preference eligible veteran includes honorably discharged veterans, disabled veterans, or (in some cases) unmarried widows/widowers of veterans, spouses or mothers of veterans, or mothers of members of the armed forces who died during honorable service. <u>See</u> 5 U.S.C. § 2108(1)-(3). Ms. Holley has presented no argument or evidence that she is preference eligible under that standard, and the evidence of record indicates that she is not. On her appeal form, she checked "No" in response to the question "Are you entitled to veterans' preference?" Likewise, Ms. Holley did not claim any prior military service, nor did she claim to be a spouse, mother, or widow of a veteran in her PS Form 144, entitled "Prior Federal Civilian and Military Service Statement." Finally, Ms. Holley's PS Form 50 "Notification of Personnel Action" lists her "Veterans Preference" status as "1," meaning "None." Although on her appeal form she checked boxes suggesting that she was asserting violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA")

and the Veterans Employment Opportunities Act of 1998 ("VEOA"), she did not attach the necessary documentation for alleged USERRA or VEOA claims, as directed by the appeal form, and she placed question marks next to those boxes, suggesting that she did not intend to assert rights under those statutes.

The evidence shows that Ms. Holley occupied the position of Mail Processing Clerk, also described as "FSM Clerk" (Flat Sorting Machine Clerk). The agency contends, and Ms. Holley does not refute, that her position was not supervisory or managerial in nature and that it did not involve personnel work of a confidential or sensitive nature. Thus, in the absence of any evidence or argument to the contrary, Ms. Holley has failed to establish Board jurisdiction over her appeal under either 5 U.S.C. § 7511(a)(1)(B) or 39 U.S.C. § 1005(A)(4)(A).

Although Ms. Holley asserts that she answered the question regarding jurisdiction to the best of her ability, her only arguments appear to be: (1) that the administrative judge found "good cause to file"; and (2) that "Congressman Kendrick B. Meek and Commissioner Audrey M. Edmonson advised [her] to file [her] case with the [Board]." As to the first assertion, the administrative judge found that Ms. Holley had established good cause for the untimely nature of her Board appeal, as the Equal Employment Opportunity Commission's Office of Federal Operations had failed to advise her of her right to appeal to the Board. As to the second assertion, the suggestion by other government officials that she seek relief from the Board does not suffice to establish that the Board had jurisdiction over her appeal.

While Ms. Holley's brief reiterates her assertions of disability discrimination and retaliation, those claims do not provide an independent basis for the Board's jurisdiction.

See Cruz v. Dep't of the Navy, 934 F.2d 1240, 1246 (Fed. Cir. 1991) (en banc) (retaliation claim may not be heard where Board lacked jurisdiction due to the employee's voluntary resignation); see also Wren v. Merit Sys. Prot. Bd., 681 F.2d 867, 871-73 (D.C. Cir. 1982) (claim of retaliation for whistleblowing may not be heard where Board lacked jurisdiction because of the petitioner's status as a non-tenured employee). The administrative judge thus properly dismissed Ms. Holley's appeal for lack of jurisdiction.

The administrative judge did not address the USERRA and VEOA claims that Ms. Holley checked on her appeal form, perhaps because the addition of question marks next to the checked boxes made it questionable whether she was intending to assert those claims. In any event, Ms. Holley has not shown that she had any prior military service or enjoyed preference eligible status. See 38 U.S.C. §§ 4303, 4311 (requiring performance of duty in a uniformed service of the United States, which includes "the Armed Forces, the Army National Guard and the Air National Guard . . . the commissioned corps of the Public Health Service, and any other category of persons designated by the President in time of war or national emergency"); 5 U.S.C. § 3330a (requiring preference eligible status as defined in 5 U.S.C. § 2108).

We therefore sustain the decision of the Board dismissing Ms. Holley's appeal.