## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHERRY A. MAYO,
                Appellant,

      v.

DEPARTMENT OF THE NAVY,
                Agency.

DOCKET NUMBER
AT-0752-15-0786-I-1

DATE: April 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sherry A. Mayo, Pensacola, Florida, pro se.

Jennifer Demming, Pensacola, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her reduction-in-pay appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a GS-7 Supervisory Training Technician, filed an appeal in which she alleged that, on August 9, 2015, under the guise of a promotion, the agency involuntarily and without notification subjected her to a reduction in pay when it reduced her basic pay. Initial Appeal File (IAF), Tab 1 at 5. She claimed that the agency improperly classified her position in 2005 and that its actions were in retaliation for her having filed equal employment opportunity (EEO) complaints against the agency over a number of years. *Id.* She requested a hearing.[3] *Id.* at 2.

¶3 In response, the agency moved that the appeal be dismissed for lack of jurisdiction. IAF, Tab 5. The agency argued that on September 26, 2010, the appellant transitioned out of the National Security Personnel System (NSPS) to her current position but as a GS-6 with retained pay and therefore no locality pay, *id.* at 9; that on August 9, 2015, her position was reclassified as a GS-7, and she was placed at step 9 with locality pay, *id.* at 8; and that her salary increased by

---

[3] During adjudication, the appellant withdrew her request for a hearing and asked that the appeal be decided on the written record. IAF, Tab 17.

more than $6,000, *id.*, such that she did not, in fact, suffer a reduction in pay, *id.* at 4. On November 5, 2015, during adjudication of the appeal, the agency issued a corrected Standard Form 50 (SF-50) adjusting the appellant's salary, effective August 9, 2015, from GS-7, step 9, to step 8, resulting in a decrease in both her basic pay and her locality pay in an amount totaling $1,319. IAF, Tab 15 at 11. The appellant also challenged this action as a reduction in basic pay and in total salary. IAF, Tab 23. The administrative judge issued a close-of-record order setting forth in thorough fashion the means by which the appellant could establish that either or both of the agency's actions constituted a reduction in pay. IAF, Tab 22.

¶4    Following receipt of the parties' close-of-record submissions,[4] IAF, Tabs 24-29, 35-37, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 39, Initial Decision (ID) at 1, 9. Based on the evidence of record, including a declaration under penalty of perjury from the Human Resources (HR) Assistant who processed the actions at issue, IAF, Tab 29 at 9-11, the administrative judge found that: (1) when the appellant transitioned out of the NSPS, she returned to her pre-NSPS grade of GS-6; (2) because her NSPS rate of pay ($47,441) exceeded the GS-6, step 10, rate ($45,376), she was entitled to pay retention (at $47,441) but no additional locality pay, IAF, Tab 5 at 9; (3) she received general pay increases in January 2014 ($226) and in January 2015 ($233), bringing her adjusted basic pay to $47,900, still with no locality pay, IAF, Tab 15 at 7; (4) when the agency promoted her on August 9, 2015, based on the reclassification of her position to the GS-7 level, she was placed at step 9, which the HR Assistant erroneously believed to be in

---

[4] In her close-of-record submission, the appellant raised a claim of retaliation for whistleblowing. IAF, Tab 24 at 8, 12, 19.

accordance with 5 U.S.C. § 5334[5] and Office of Personnel Management (OPM) regulations (5 C.F.R. §§ 531.214(d), 536.308(a)(2)); and (5) the appellant's basic pay ($43,902) and locality pay ($6,217) provided her an adjusted basic pay rate of $50,119, IAF, Tab 5 at 8; ID at 4-6. The administrative judge found that the agency correctly followed OPM's regulations when it determined that the appellant was no longer entitled to pay retention and would be paid in accordance with the GS-7 grade, ID at 7, and that, because locality pay is part of basic pay for purposes of setting the appellant's pay under 5 C.F.R. § 531.203, her pay increased rather than decreased on August 9, 2015, when her position was reclassified at the GS-7 level, ID at 8-9. The administrative judge then addressed the appellant's claim that the agency improperly reduced her pay on November 5, 2015, when it changed her from GS-7, step 9 ($50,119), to GS-7, step 8 ($48,800), but the administrative judge found that, in so doing, the agency was correcting a pay-setting error,[6] a matter not within the Board's jurisdiction. IAF, Tab 29 at 11; ID at 8. In the absence of Board jurisdiction, the administrative judge found no basis upon which to consider the appellant's affirmative defenses. ID at 8-9.

¶5    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶6    On review, the appellant argues, as she did below, that she suffered a reduction in pay when she was promoted to GS-7 because her GS-6 salary was $47,900, whereas her basic pay at the GS-7 level was $43,902. PFR File, Tab 1 at 6. A reduction in an employee's rate of basic pay is appealable to the Board. 5 U.S.C. §§ 7512(4), 7513(d). As the administrative judge found, while 5 C.F.R.

---

[5] That section provides that an employee who is promoted is entitled to basic pay at the lowest rate of the higher grade which exceeds her existing rate of basic pay by not less than two step increases of the grade from which she is promoted.

[6] The appellant was only entitled to the "lowest step rate in the range that equals or exceeds the retained rate." 5 C.F.R. § 531.214(d)(5).

§ 752.402 defines "pay" for purposes of 5 U.S.C. chapter 75 as the rate of pay before any deductions and exclusive of additional pay of any kind, "rate of basic pay" in the context of grade and pay retention specifically includes locality pay. 5 U.S.C. § 5361(4)(A)(i); 5 C.F.R. §§ 531.203, 536.103; ID at 4.  Because the appellant in this case was being taken off retained pay to be paid under the General Schedule, we agree with the administrative judge that it was proper for the agency to follow 5 C.F.R. §§ 531.203 and 536.103, that the appellant's rate of basic pay after her promotion including her locality pay was $50,119, and that she was not subject to a reduction in pay.  *Kile v. Department of the Air Force*, 104 M.S.P.R. 49, ¶¶ 14-17 (2006).

¶7        The appellant also argues on review that her position was improperly classified in 2005, in 2008 when she was transitioned into the NSPS, and again in 2010 when she transitioned back into the General Schedule.  PFR File, Tab 1 at 7. The administrative judge also considered this, the appellant's challenge to the agency's classification of her position, but found that the Board lacks jurisdiction over such a claim.  ID at 7 n.8.  The appellant has not shown error in this finding. *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985); *Vercelli v. U.S. Postal Service*, 70 M.S.P.R. 322, 328 (1996) (finding that the Board lacks jurisdiction over cases concerning the proper classification of a position or related issues).  Further, the Board's lack of jurisdiction over classification issues precludes consideration of the appellant's reliance on guidance of the Government Accountability Office to support her claim that she was performing at the GS-7 level years before her promotion.  PFR File, Tab 1 at 17-18.

¶8        The appellant argues on review, moreover, that her reduction in pay violated section 1113(c)(1) of the National Defense Authorization Act for Fiscal

Year 2010,[7] which provided that no employee would suffer a loss of or decrease in pay upon transition from the NSPS to a non-NSPS personnel or pay system. *Id*. at 9-10, 13-14. However, we have found no reduction in pay over which the Board would have jurisdiction, and the appellant has failed to set forth any other basis for the Board to review her claim.

¶9        On review, the appellant renews her claim that the agency's actions were based on retaliation for filing EEO complaints. *Id*. at 7. It is well established, however, that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction.[8] *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶10       Finally, the appellant argues on review that the agency denied her 2.5 hours of official time to participate in a teleconference and instead charged her 2.5 hours of annual leave. PFR File, Tab 1 at 18. The appellant has not pointed to any law, rule, or regulation giving the Board jurisdiction, under the circumstances of this case, to review this claim, and we are aware of none. *See Marler v. Department of Veterans Affairs*, 58 M.S.P.R. 116, 123 n.6 (1993).

---

[7] This Act, signed by the President on October 28, 2009, repealed the NSPS and called for the conversion of all employees and positions back to their former pay system. *Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 4 (2012).

[8] The appellant did not, in her petition for review, renew her claim that the agency's actions were in retaliation for her whistleblowing activity. PFR File, Tab 1. Nonetheless, we must modify the reasoning for the administrative judge's dismissal of that claim for lack of jurisdiction because, although it could be construed as a basis for an individual right of action (IRA) appeal, the appellant has failed to show that she first exhausted her remedy before the Office of Special Counsel (OSC). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action).

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.