NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3108

CHRISTIE M. BASS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Christie M. Bass, of Lincoln, California, pro se.

Thomas N. Auble, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Stephanie Conley, Acting Associate General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3108

CHRISTIE M. BASS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752080017-I-1

_____

DECIDED:  August 7, 2008

_____

Before MICHEL, <u>Chief Judge</u>, MOORE, <u>Circuit Judge</u>, and O'GRADY, <u>District Judge</u>.[*]

PER CURIAM.

Christie M. Bass (Ms. Bass) seeks review of the final decision of the United States Merit Systems Protection Board (Board) dismissing her appeal for lack of jurisdiction.  <u>Bass v. Dep't of Homeland Security</u>, MSPB Docket No. SF0752080017-I-1 (Initial Decision Dec. 12, 2007).  We <u>affirm</u>.

---

[*]    Honorable Liam O'Grady, District Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

BACKGROUND

Ms. Bass was employed by the Immigration and Naturalization Service (INS or agency) on a temporary appointment on April 17, 1988[2] not to exceed November 1, 1988, in the excepted service as a Legalization Adjudicator (LA) in Los Angeles, California. She was promoted on May 8, 1988, and her appointment was extended to May 8, 1989. Ms. Bass's temporary appointment was then extended to June 9, 1989. She was not given any further promotions even though she was eligible for a GS-9 position.

Ms. Bass filed an Equal Employment Opportunity (EEO) complaint on June 6, 1989, alleging discrimination based on race, color and sex, and reprisal. On August 1, 1994, the agency issued a Final Agency Decision (FAD) finding that it engaged in discrimination when it terminated Ms. Bass and ordering that she receive back pay at the GS-9 rate of pay from June 9, 1989 until May 8, 1992. The FAD did not direct that Ms. Bass be reinstated.

Ms. Bass appealed the FAD to the Equal Employment Opportunity Commission (EEOC) on August 25, 1994. On October 6, 1995, the EEOC ordered the INS to reinstate Ms. Bass. In accordance with the EEOC decision, the INS offered to reinstate Ms. Bass to a position as a LA (GS-9) in Los Angeles, California. Ms. Bass, who by this time had moved to Kansas, declined the position and requested a position with INS in Kansas.

On October 6, 1996, Ms. Bass filed a petition for enforcement with the EEOC alleging that INS had failed to comply with the EEOC order. On January 16, 1996, the

EEOC issued a decision denying Ms. Bass's petition, noting that INS had complied with the EEOC order and that Ms. Bass was not entitled to an offer near her home in Kansas.

On June 27, 2007, ten years after the denial of her petition for enforcement, Ms. Bass wrote to the EEOC requesting reconsideration of that decision, and the EEOC responded on September 6, 2007 that she had no further right to request reconsideration. On September 27, 2007, Ms. Bass filed an appeal with the Board. After issuing two orders in which Ms. Bass was given the opportunity to respond to the concerns of the Administrative Judge (AJ) over whether the Board possessed subject matter jurisdiction, the AJ issued an initial decision in which he concluded that the Board lacked jurisdiction over her appeal. Specifically, the AJ held that the Board lacked jurisdiction because Ms. Bass was serving in a temporary appointment. Moreover, the AJ concluded that, to the extent Ms. Bass's appeal involved an allegation of a failure to promote her and/or a failure to select her for a position, the Board lacked jurisdiction over those matters as well. The initial decision became final on January 16, 2008. This appeal followed.

## DISCUSSION

We review questions of jurisdiction of the Board <u>de novo</u>. <u>Herman v. Dep't of Justice</u>, 193 F.3d 1375, 1378 (Fed. Cir. 1999). The Board's jurisdiction is not plenary, but limited to actions expressly made appealable to it by statute or regulation. <u>See</u> 5 U.S.C. § 7701(a). The appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. <u>See</u> 5 C.F.R. § 1201.56(a)(2)(i).

---

[2] Ms. Bass alleges that she was hired on April 17, 1987 not on April 17,

Section 7701(a) only provides a right of appeal to the Board to an "employee, or applicant for employment." The term "employee," in turn, is specifically defined in § 7511(a)(1). As it relates to Ms. Bass' case, § 7511(a)(1)(C) defines an "employee" as:

> . . . an individual in the excepted service (other than a preference eligible)—
>     (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
>     (ii) who has completed 2 years of current continuous service in the same or similar position in an Executive agency under other than a temporary appointment limited to 2 years or less.

Under the facts of the instant case Ms. Bass does not qualify as an "employee" under § 7511. There is no evidence that Ms. Bass is preference eligible and it is undisputed that she served in a temporary appointment. The AJ stated that Ms. Bass was hired on April 17, 1988 on an excepted service temporary appointment and that her temporary appointment was extended twice—once until May 8, 1989 and once until June 9, 1989. The government contends that as Ms. Bass had served for less than two years when she was terminated in June 1989, she does not qualify as an employee under § 7511. For the first time, in her Response Brief, Ms. Bass alleges that she was hired on April 17, 1987 not April 17, 1988. Ms. Bass argues that she completed more than two years of continuous service in the same position and, therefore, she is an employee under § 7511. However, even if Ms. Bass' allegation is correct she stills fails to meet the statutory definition of an employee under § 7511. In Forest v. Merit Sys. Protection Bd., 47 F.3d 409, 411 (Fed. Cir. 1995), we held that "[b]y the plain terms of § 7511(a)(1)(C)(ii), the two years of current continuous service must be served 'under other than a temporary appointment,' i.e., under a permanent appointment." As it is

---

1988.

undisputed that Ms. Bass' served in a temporary appointment, the AJ properly concluded that the Board lacked jurisdiction.

We also agree that the AJ properly concluded that the Board lacked jurisdiction over Ms. Bass' allegations concerning the agency's purported failure to promote her or to select her for another position. A non-promotion or non-selection, even if allegedly based on a prohibited personnel practice under 5 U.S.C. § 2302(b) (listing categories of prohibited personnel practices in federal employment) is generally not appealable to the Board. See Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985) (section 2302(b) is not an independent source of jurisdiction and does not itself authorize an appeal).

We have considered the remainder of Ms. Bass' arguments but conclude that the Board lacked jurisdiction to hear her appeal. For the foregoing reasons, we affirm the Board's decision.

COSTS

Each party shall bear its own costs.

---

3 In her informal reply brief, Ms. Bass argues that the Board had jurisdiction over her whistleblower claim after November 26, 2007, because on that day the office of Special Counsel (OSC) terminated an inquiry into her claim and issued a letter advising her of her right to appeal to the Board. Although this correspondence indicates that— contrary to the Board's brief—Ms. Bass did indeed file a claim with OSC, the Board still lacked jurisdiction because Ms. Bass filed her appeal with the Board on September 27, 2007, six days after filing her claim with OSC but thirty days before OSC's letter exhausting her administrative remedies. See 5 U.S.C. § 1214; 5 C.F.R. § 1209.5(a); Fields v. Dep't of Justice, 452 F.3d 1297, 1302 (Fed. Cir. 2006) (where appellant has no right to direct appeal, administrative remedies must be exhausted before filing of Individual Right of Action appeal).