## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM GREEN, JR., <br>         Appellant, <br><br>       v. <br><br> DEPARTMENT OF THE ARMY, <br>         Agency. | DOCKET NUMBER <br> PH-3443-15-0046-I-1 <br><br><br> DATE: May 29, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

C. Valerie Ibe, Esquire, Pikesville, Maryland, for the appellant.

William Joseph Wrabley, III, Aberdeen Proving Ground, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his reduction-in-pay appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was a GS-13, Step 7, Information Technology (IT) Specialist until January 21, 2007, when he was assigned to the National Security Personnel System (NSPS) as a YA-2 IT Specialist. Initial Appeal File (IAF), Tab 4 at 12. On August 3, 2008, he was reassigned to the Personnel Demonstration Project as a DE-3 IT Specialist, *id.* at 15, and on October 15, 2014, he was reassigned back into the General Schedule as a GS-13, Step 10, IT Specialist at the same pay to which he had advanced as a DE-3, *id.* at 18.

¶3 The appellant filed a pro se appeal in which he alleged that the agency had failed to properly adjust his basic pay during the conversion process. *Id.*, Tab 1. He requested a hearing. *Id.* at 2. The administrative judge issued an order in which he explained that it appeared that the appellant was challenging his reassignment without loss of grade or pay, an action over which the Board lacks jurisdiction, and he ordered the appellant to file evidence and argument to prove that the action is within the Board's jurisdiction. *Id.*, Tab 2. The appellant did not respond. The agency moved that the appeal be dismissed for lack of jurisdiction. *Id.*, Tab 4. Thereafter the appellant made an additional filing in which he described his duties over the years, submitted his performance

appraisals from 2009 to 2013, a copy of a Memorandum of Agreement regarding conversion of employees to the Personnel Demonstration Project, a memorandum addressing his own transition to the General Schedule, and an Employee Bulletin on the impact of the transition on pay and grade. *Id.*, Tab 5.

¶4      The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. *Id.*, Tab 6, Initial Decision (ID) at 1, 5.[2]  He found that the appellant had failed to establish that he suffered either a reduction in grade or pay as a result of his reassignment to the General Schedule.  ID at 4.

¶5      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tab 3.

¶6      On review,[3] the appellant describes his duties during the years prior to the conversion, particularly supervisory duties, and argues that, based on those duties, his position on conversion to the General Schedule should have been classified as a GS-14, not as a GS-13, PFR File, Tab 1 at 8-9, 11-14, and that this reduction in grade based on an incorrect classification adversely affected and reduced his pay, *id.* at 14-16.

¶7      The Board has jurisdiction over an employee's reduction in grade. *See* 5 U.S.C. §§ 7512(3), 7513(d).  Grade means "a level of classification under a position classification system." 5 U.S.C. § 7511(a)(3).  Regulations promulgated by the Office of Personnel Management similarly define "grade" as "a level of classification under a position classification system." 5 C.F.R. § 752.402.  The appellant's conversion from a DE-3 position under the Personnel Demonstration Project to a GS-13 position within the General Schedule, standing alone, does not result in an appealable reduction in grade.  Neither 5 U.S.C. chapter 75 nor 5 C.F.R. Part 752 indicates how a reduction in grade, i.e., a level of classification under a "position classification system" is to be determined where, as here, there

---

[2] The administrative judge denied the appellant's request for a hearing on the basis that there were no jurisdictional facts in dispute.  ID at 1.

[3] The appellant is represented by counsel on review.  PFR File, Tab 1 at 2.

is movement with no reduction in pay across or between position classification systems. *Cf. Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 12 (2012) (no appealable reduction in grade occurred based solely on the appellant's conversion from a YC-2 position within the NSPS to a GS-13 position). Nor did the appellant suffer an appealable reduction in grade based on his position in the General Schedule before the Demonstration Project and after because both were at the GS-13 level. *Cf. id.*, ¶ 13 (the appellant suffered an appealable reduction in grade when he was initially a GS-14, entered into the NSPS, and was thereafter involuntarily placed at a GS-13).[4] Moreover, the Board does not have jurisdiction over the appellant's claim that, prior to his conversion to the General Schedule, he was assigned supervisory duties without adequate compensation; the Board lacks jurisdiction over cases concerning the proper classification of a position, *see Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985), and over claims concerning change in duties, *see D'Leo v. Department of the Navy*, 53 M.S.P.R. 44, 48 (1992).

¶8        Finally, the appellant has not shown that he suffered a reduction in pay. As noted, his pay on conversion to a GS-13 was identical to that he received as a DE-13 immediately prior to conversion. IAF, Tab 4 at 18. Moreover, to the extent that his reduction-in-pay claim rests on a finding that he suffered a reduction in grade, we have found no reduction in grade and so his reduction-in-pay claim must also fail for that reason.[5]

---

[4] The crucial fact in *Arrington* was that the appellant initially occupied a GS-14 position and was involuntarily placed in a GS-13 position under the same classification system.

[5] With his petition for review, the appellant has submitted a number of documents, including several email messages from 2009, PFR File, Tab 1 at 30-31; two position descriptions, *id.* at 32-46; salary tables from 2008 through 2015, *id.* at 58-68; and a portion of the Job Family Standard for Administrative Work in the Information Group, 2200, *id.* at 70-79. The appellant has not shown that these documents are new and material to the dispositive jurisdictional issue in this case. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Therefore we have not considered them. The appellant has also submitted an S&T Demonstration Employee Bulletin: Impact of S&T Demo

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

Transition on Pay and Grade. PFR File, Tab 1 at 47-56. Because that document is a part of the record below, IAF, Tab 5, it is not new, *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980), and we therefore have not considered it.

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.