# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VITALY SHIK,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-3443-16-0034-I-1 |
| 　　　v. | |
| GENERAL SERVICES<br>　　ADMINISTRATION,<br>　　　　　　Agency. | DATE: April 18, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Tomscha, New York, New York, for the appellant.

Chris Murphy, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant alleges that he was temporarily promoted to a GS-14 position for 120 days and that at the end of his temporary promotion he was returned to his GS-13 position, but required to continue performing the functions of the GS-14 position. Initial Appeal File (IAF), Tab 6 at 6. After issuing a show cause order and considering the parties' evidence and arguments on jurisdiction, the chief administrative judge found that the appellant failed to nonfrivolously allege that he had been constructively demoted, and he dismissed the appeal for lack of jurisdiction.[2] IAF, Tab 9, Initial Decision (ID).

¶3 The appellant has filed a petition for review of the initial decision asserting that the chief administrative judge misconstrued the issue raised in the appeal as a classification issue. Petition for Review (PFR) File, Tab 1 at 4. The agency has responded to the petition for review. PFR File, Tab 3.

---

[2] The agency's narrative response provided greater detail to the appellant about the applicable jurisdictional issues involved in this appeal and what he needed to do to establish jurisdiction under different possible theories. IAF, Tab 8.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4        The appellant claims that the agency permanently reassigned him to a GS-14 position but has not compensated him accordingly.  PFR File, Tab 1 at 4. We have reviewed the record and find that there is no evidence supporting the appellant's contention that he was permanently promoted.  The promotion of a Federal employee cannot occur unless an official with the appropriate authority took, authorized, or ratified an action that could reasonably be said to have resulted in a promotion.  *Hoever v. Department of the Navy*, 115 M.S.P.R. 487, ¶ 8 (2011).  The record reflects that both the appellant and the agency understood that the appellant's promotion was temporary.  IAF, Tab 4 at 53, Tab 6 at 6, Tab 8 at 35.

¶5        The appellant asserts that he continues to perform the duties of the GS-14 position he occupied during his temporary promotion.  IAF, Tab 6 at 7. Even if the appellant were performing the duties previously performed by a GS-14 employee, performance of those duties is insufficient to establish that he was permanently promoted.  *See Phillips v. Department of the Air Force*, 104 M.S.P.R. 229, ¶ 5 (2006) (finding that, even if an appellant proved that he performed the duties of a higher-graded position and the agency failed to document or compensate him for the performance of those duties, he had not made a nonfrivolous allegation of the Board's jurisdiction).  The return of an employee to his permanent position after a temporary promotion is not an action appealable to the Board, and the appellant did not show that he was duly appointed to the GS-14 position.  5 C.F.R. § 335.102(f)(1).

¶6        The appellant argues that the issue in his appeal should not be confused with a classification issue.  PFR File, Tab 1 at 4.  However, his claim is, in effect, that the agency improperly has failed to reclassify his GS-13 position to a GS-14 level after he returned to his former GS-13 job and the agency required him to continue performing the duties of the GS-14 position.  *Id.* at 4-5.  As properly found by the chief administrative judge, the Board does not have

jurisdiction over claims that a position has been classified incorrectly. ID at 5; *see Beaudette v. Department of the Treasury*, 100 M.S.P.R. 353, ¶ 12 (2005).

¶7        An employee is deemed to have suffered a constructive demotion only when he was reassigned from a position that, due to the issuance of new classification standards or a correction of a classification error, was a higher grade, and he was reassigned to a position classified at a lower-grade level. *Beaudette*, 100 M.S.P.R. 353, ¶ 13. A constructive demotion claim cannot be based on an allegation that a position could have been or should have been reclassified upward; rather, a constructive demotion claim can succeed only if the appellant's former position "has actually been reclassified upward." *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 8 (2001). We agree with the chief administrative judge's finding that the appellant has failed to nonfrivolously allege that he suffered a constructive demotion because he has not argued that his former position was "actually . . . reclassified upward." *Id*.; ID at 4-5.

¶8        The appellant also alleges that the agency erred by transferring him into a GS-14 position without competition and violated the Office of Personnel Management's regulations by not returning him to his position of record after the temporary promotion concluded. PFR File, Tab 1 at 5. As discussed above, the appellant was not permanently reassigned to a GS-14 position, and agencies are authorized to temporarily promote an employee for 120 days or less without competition. 5 C.F.R. § 335.103(c)(i). Again, the appellant's claim that he is performing GS-14 duties while encumbering a position classified as a GS-13 is a classification issue and is not within the Board's jurisdiction. *See Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985) (stating that the Board has not been granted appellate jurisdiction over cases concerning the proper classification of a position). Therefore, we find that the chief administrative judge appropriately dismissed this appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.