# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES MICHAEL WYATT, | DOCKET NUMBER |
| Appellant, | AT-0752-13-6259-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | |
| Agency. | DATE: May 4, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James Michael Wyatt, Columbia, South Carolina, pro se.

Robert J. Barham, Fort Jackson, South Carolina, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 On July 29, 2013, the appellant filed an appeal with the Board challenging the agency's action detailing him, without a loss of grade or pay, from the position of GS-12 Supervisory Range Control Specialist to work on a special project. Initial Appeal File (IAF), Tab 1 at 6. The appellant asserted that the agency discriminated against him on the bases of national origin and age, and he further alleged that the agency's decision not to reinstate him to his previous position constituted gross mismanagement. *Id*. The administrative judge issued an order instructing the appellant to file evidence and argument to prove that the action was within the Board's jurisdiction. IAF, Tab 4 at 2. The appellant filed a pleading within the time frame set by the administrative judge's jurisdictional order, but he did not address the jurisdictional issue. IAF, Tab 5.

¶3 In the initial decision, issued without holding the requested hearing, the administrative judge dismissed the appellant's appeal for lack of jurisdiction because the appellant failed to submit evidence and argument proving that he suffered a reduction in pay or grade. IAF, Tab 6, Initial Decision (ID) at 2. The appellant has filed a petition for review in which he argues, among other things,

that the administrative judge erred in dismissing his appeal because the agency did not compensate him for his having completed higher-graded duties. Petition for Review (PFR) File, Tab 1 at 37.[2]  The agency has responded to the petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of establishing that the Board has jurisdiction over his appeal.  5 C.F.R. § 1201.56(b)(2)(i)(A); *Walderman v. Department of the Air Force*, 103 M.S.P.R. 456, ¶ 13 (2006).  Reassignments that do not result in a reduction of pay or grade are not appealable to the Board.  *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 7 (2001); *see Maddox*, 759 F.2d at 10.

¶5        Here, on October 17, 2011, the agency detailed the appellant to perform a special project for a 120-day period, which was extended several times until he returned to range operations on February 25, 2013.  IAF, Tab 3 at 44-53.  As noted, on his initial appeal, the appellant did not assert that he suffered a reduction in pay or grade.  IAF, Tab 1 at 6.  In addition, despite clear instructions from the administrative judge regarding the jurisdictional issue, the appellant did not submit evidence or argument establishing Board jurisdiction.  IAF, Tab 4.  The appellant does not allege that the position he was detailed to was at a lower grade or that his pay was reduced.  PFR File, Tab 1.  Thus, we discern no reason to disturb the administrative judge's well-reasoned decision that the reassignment is outside the Board's jurisdiction.  *See Crosby v. U.S.*

---

[2] On review, the appellant also argues that the agency's response below contained erroneous and misleading statements of fact.  PFR File, Tab 1 at 37.  In addition, the appellant contests the agency's argument that his appeal was untimely filed.  PFR File, Tab 3 at 4.  The administrative judge did not address the timeliness of the appeal; thus, there is no basis for the appellant's argument.

*Postal Service*, [74 M.S.P.R. 98](#), 105–06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, [33 M.S.P.R. 357](#), 359 (1987) (same).

¶6        On review, the appellant appears to argue that while detailed he performed higher-graded duties and he was not compensated at the GS-13 level and therefore he suffered a loss of pay.  PFR File, Tab 1 at 7, 37.  In support of this assertion, he provides a self-assessment, asserting that he performed some job duties that qualified as GS-13 work.  *Id.* at 7.  He also provides a position description for his Supervisory Range Operations Specialist position, which seems to indicate that the position qualifies for a target grade of GS-13.  *Id.* at 13.  Even if true, the appellant's arguments on this issue constitute a position classification dispute over which the Board lacks jurisdiction.  *Boudreaux v. Department of the Army*, [82 M.S.P.R. 393](#), ¶ 3 (1999); *see Saunders v. Merit Systems Protection Board*, [757 F.2d 1288](#), 1290 (Fed. Cir. 1985).

¶7        To the extent that the appellant is attempting to assert that he suffered a constructive demotion, which would be within the Board's jurisdiction, his claim is without merit.  An employee is deemed to have suffered a reduction in grade where he was reassigned from a position which, due to the issuance of a new classification standard or correction of a classification error, was worth a higher grade; the employee met the legal and qualification requirements for promotion to the higher grade; and he was permanently reassigned to a position classified at a lower level than the grade level to which he would otherwise have been promoted.  *Solamon v. Department of Commerce*, [119 M.S.P.R. 1](#), ¶ 15 (2012); *Russell v. Department of the Navy*, [6 M.S.P.R. 698](#), 711 (1981).  The appellant does not allege that he was reassigned from a position that was later reclassified upward due to the issuance of a new classification standard or correction of a classification error.  Thus, we find that he has not established that he has been constructively demoted.

¶8    For these reasons, we affirm the administrative judge's decision to dismiss the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.