# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM OWENS, JR.,
               Appellant,

        v.

DEPARTMENT OF THE NAVY,
               Agency.

DOCKET NUMBER
DC-3443-16-0461-I-1

DATE: September 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>William Owens, Jr.</u>, Dudley, North Carolina, pro se.

<u>Aisha Z. Mahmood</u>, Cherry Point, North Carolina, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant filed an appeal alleging that the agency engaged in a prohibited personnel practice when it failed to issue a Request for Personnel Action (RPA) authorizing him to receive increased compensation for performing a higher-level position on a temporary basis. The appellant asserted that this was a violation of 5 U.S.C. § 2302(b)(12). Initial Appeal File (IAF), Tab 1. Because it appeared that the Board lacked jurisdiction over this appeal, the administrative judge ordered the appellant to submit evidence and argument to show why the appeal should not be dismissed. IAF, Tab 2. The appellant did not respond. The agency subsequently filed a motion to dismiss for lack of jurisdiction. IAF, Tab 5.

¶3      The administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1. The administrative judge found no evidence showing that the appellant was formally appointed to a higher-graded position with increased compensation and, thus, the administrative judge found that the appellant failed to establish that he was subjected to any reduction in grade or pay. ID at 2. The administrative judge found further that, absent an otherwise appealable action, the Board lacks jurisdiction over an employee's allegation of a

prohibited personnel practice under 5 U.S.C. § 2302(b).  Similarly, regarding the appellant's allegation that a female employee subsequently performed the same position on a temporary basis and that the agency issued an RPA to authorize increased compensation for her, the administrative judge found that the Board has no jurisdiction over allegations of discrimination absent an otherwise appealable action.  ID at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Here, the applicable law and the record evidence support the administrative judge's findings that the appellant was not formally appointed to the higher-graded position and he only is entitled to the pay and benefits of the position to which he is officially appointed, and that he has not shown that he suffered a reduction in grade or pay while on detail to the temporary position.  *Rojas v. U.S. Postal Service*, 70 M.S.P.R. 400, 405 (1996) (finding that an employee is only entitled to the rights and benefits of the position to which he is officially appointed; by its nature, a detail is temporary and involves no formal appointment), *overruled on other grounds by Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 n.1 (2007).

¶5      Furthermore, allegations of prohibited personnel practices do not otherwise provide an independent basis for Board jurisdiction.  *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012).  Thus, absent an otherwise appealable action, the Board does not have jurisdiction to review the appellant's claims of prohibited personnel practices or discrimination.  *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871‑73 (D.C. Cir. 1982).

¶6 The appellant alleges on review that he has new documentation substantiating his claim that the agency violated 5 U.S.C. § 2302(b)(12), and he has included numerous documents with his petition for review. Petition for Review File, Tab 1. However, the appellant has provided no argument challenging the administrative judge's jurisdictional findings in the initial decision. Nor has he provided any explanation of the documents included with his submission. *Id.* Rather, the appellant merely asserts that he has submitted additional evidence that was not available when he first filed his appeal, and that he had no access to his Government account until he returned from travel on April 28, 2016. *Id.* The documents submitted on review include numerous emails and documentation dated January 2016 or before, which appear to reflect that the appellant was detailed to the higher-graded position and that the agency may have attempted, or was attempting, to compensate him with an award for periods when he was detailed to the higher-graded position. *Id.*

¶7 Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). Further, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶8 Here, the appellant filed his appeal on March 31, 2016, and the administrative judge issued a show cause order on April 4, 2016, to which the appellant did not respond. Although the appellant now asserts on review that the documents he attached to his petition were not available when he filed his appeal,

the documents are not new as they are dated prior to the filing of his appeal and his travel, and he has not shown that they were unavailable despite his due diligence. Moreover, the documents submitted by the appellant are not material as they do not challenge any of the administrative judge's findings on the jurisdictional issues. Rather, all of the documents submitted on review address the merits of his appeal. Thus, we have not considered them. Accordingly, we find that the administrative judge correctly dismissed this appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                    _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.