NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN MARK GUERTIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-1922

---

Petition for review of the Merit Systems Protection Board in No. CH-3443-21-0139-I-1.

---

Decided: December 9, 2021

---

JOHN MARK GUERTIN, Indianapolis, IN, pro se.

CALVIN M. MORROW, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before DYK, CLEVENGER, and TARANTO, *Circuit Judges*.

PER CURIAM.

John Mark Guertin petitions for review of the final decision of the Merit Systems Protection Board ("Board"), which dismissed his appeal for lack of jurisdiction. *Guertin v. Dep't of Veterans Affairs*, Docket No. CH-3443-21-0139-I-1 (May 11, 2021); *see also* Supplemental Appendix ("SAppx") 1–16.  For the reasons set forth below, we <u>affirm</u> the Board's final decision.

I

Mr. Guertin has worked as a Purchasing Agent for the Department of Veterans Affairs ("VA") in Indianapolis, Indiana since July 2003.  By 2010, he was classified as a Purchasing Agent, GS-1105-06, Step 8.  In 2011, three fellow employees, also classified as Purchasing Agent, GS-1105-06, thought their position deserved a higher grade level. They requested review of the classification of their position by the Office of Personnel Management ("OPM").  After examination of the duties performed by the requesters and consideration of other factors, OPM determined that a downgrade, not an upgrade, of the position was warranted. In a 2011 Classification Decision, OPM reclassified the Purchasing Agent position as GS-1105-05.

In November of 2011, the VA responded to OPM's action by downgrading Mr. Guertin's position from GS-1105-06 to GS-1105-05.  However, pursuant to 5 U.S.C. §§ 5362(b) and 5363(a)(1), the remarks section of the Standard Form ("SF") 50 Notification of Personnel Action relating to this change stated that Mr. Guertin was "entitled to retain" his GS-06 grade and pay for a period of two years, until November 6, 2013.  However, after those two years, Mr. Guertin's pay was not reduced even though his grade was, and this remained the case for four years during which he received a total of nearly $10,000.00 in additional funds. SAppx003.  The VA initially sought to recover the overpayment, but ultimately waived repayment.

After a reorganization at the VA in 2019, the agency changed the position description for its Purchasing Agent position. The changed description warranted an upgrade to classification as GS-1105-07. Mr. Guertin's position was then upgraded to GS-1105-07, Step 5. Mr. Guertin unsuccessfully objected to the VA, asserting that he should have been placed at the GS-07, Step 6 or Step 7 level. Mr. Guertin then filed his appeal to the Board.

## II

Before the Administrative Judge assigned to his appeal,[1] Mr. Guertin argued that the VA erred in upgrading him in 2019 from the position he held following the 2011 Classification Decision. Instead, he argued that the 2011 Classification Decision should be "declared null and void," and his pay should be calculated as if the 2011 Classification "did not exist." SAppx 4. According to Mr. Guertin, he should have been promoted from the pay he had erroneously been receiving at the GS1105-06 classification. The VA moved to dismiss Mr. Guertin's appeal on jurisdictional grounds, because precedent holds that the Board lacks jurisdiction over cases concerning the proper classification of a position. *See Saunders v. Merit Sys. Prot. Bd.*, 757 F.2d 1288, 1290 (Fed. Cir. 1985) (dismissing case "concerning the proper classification of a position" because "[t]he jurisdiction of the [B]oard is limited to those matters specifically delineated by Congress or granted to it by way of regulatory authority exercised by the OPM"); *Mallory v. Merit Sys. Prot. Bd.*, No. 95-3165, 1995 WL 360707, at *2 (Fed. Cir. 1995) (stating that "[i]t is well settled that the Board's jurisdiction is narrowly prescribed by statute and regulation" and that "[w]e have previously held that the Board has not been granted appellate jurisdiction over cases

---

[1]    The Administrative Judge's decision in this case became the decision of the Board when Mr. Guertin did not appeal the Administrative Judge's decision to the Board.

concerning the proper classification of a position, either by statute or regulation").

As the decision of the Board explained, the Classification Act of 1949 provides that civilian job positions would be "grouped and identified by classes and grades" based on duties, responsibilities, and qualification requirements. 5 U.S.C. § 5101(2). Under the Classification Act, OPM is charged with preparing and maintaining "standards for placing positions in their proper classes and grades." *See* 5 U.S.C. §§ 5105(a)–(b), 5106(a)–(b). Executive agencies implement the standards, placing positions in the appropriate class and grade. 5 U.S.C. §5107. Appeals to classification decisions must be made to OPM, and "[a]n appellate decision made by [OPM] is final unless reconsidered by [OPM]." *See* 5 C.F.R. § 511.612; *see also* 5 C.F.R. § 511.603 (providing the circumstances in which an employee has a right to appeal and to whom). Given the relevant statutes, regulations, and the holding in *Saunders*, the Board held that the Board lacked jurisdiction over Mr. Guertin's appeal because it turned on his view that the 2011 Classification Decision by OPM was unlawful. *See* SAppx 6–7.

In addition, the Board rejected Mr. Guertin's attempt to establish Board jurisdiction over his appeal under two regulatory provisions. The first, 5 C.F.R. § 531.215(e), which deals with the setting of pay when a demotion is determined to be erroneous and is canceled, was inapplicable here. Mr. Guertin's promotion in 2019 was not a finding that the 2011 Classification Decision was erroneous, but instead was the result of the agency's decision to change the position description of Mr. Guertin's position. SAppx 7–8. The second regulation cited, 5 C.F.R. § 511.703, which relates to the retroactive effective date for pay and grade when an employee is wrongly demoted, is also inapplicable here because Mr. Guertin has not shown that he was wrongly demoted. SAppx 8. Finally, the Board held that jurisdiction over Mr. Guertin's appeal could not be sustained on a constructive-demotion theory arising from the

Board's decision in *Marcheggiani v. Dep't of Defense*, 90 M.S.P.R. 212, 217 (2001). That case involved an exception to the rule that the Board lacks jurisdiction over classification decisions when four factors are met. The first factor, reassignment without loss of grade or pay, is not met here because Mr. Guertin's position was reclassified as a result of the 2011 Classification Decision—he was not reassigned without loss of grade or pay. SAppx 8–9. Because Mr. Guertin failed to sustain jurisdiction over his appeal, the Board dismissed his appeal. SAppx 9. Mr. Guertin timely petitioned for review in this court. The Board appears in response, defending the Board's jurisdictional decision.

## III

We have jurisdiction over Mr. Guertin's petition for review under 28 U.S.C. § 1295(a)(9), 5 U.S.C. § 7703(b)(1). We must affirm the Board's final decision unless we determine that it is arbitrary, capricious, or otherwise not in accordance with the law, obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. § 7703(c). The Board's decision that it lacks jurisdiction raises a question of law, subject to de novo review. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

## IV

In his briefs to this court, Mr. Guertin argues at length as to why he thinks the 2011 Classification Decision by OPM was incorrect. As the Board stated in its final decision, and as it repeats here, the relevant statutes and regulations and our binding case law authority deprive the Board of jurisdiction to review challenges to OPM classification decisions. Mr. Guertin does attempt to style his case as one of "wrongful demotion," but the asserted wrongful grounds have to do with his view that the 2011 Classification Decision should be found unlawful. Mr. Guertin does not challenge the Board's grounds for rejecting the arguments he made below, based on the two regulations, as

GUERTIN v. MSPB

discussed above, nor does he address the grounds on which the Board found this case does not qualify as a constructive demotion under the *Marcheggiani* precedent.

Because Mr. Guertin has pointed to no error in the Board's final decision, and we independently see no error therein, we <u>affirm</u> the final decision of the Board.

**AFFIRMED**

COSTS

No costs.